[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14207

_____

D.C. Docket No. 00-08541-CIV-JAL

FLORA COVAS,
as Personal Representative of the Estate
of Pedro Juan Covas, deceased, and
as Personal Representative of the Estate
of Rolando Jose Reyna, deceased,

Plaintiff-Appellee
Cross-Appellant.,

versus

THE COLEMAN COMPANY, INC.,

Defendant-Appellant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(June 6, 2006)**

Before BLACK and PRYOR, Circuit Judges, and CONWAY[*], District Judge.

PER CURIAM:

This appeal concerns a product liability case arising from the carbon-monoxide poisoning deaths of two campers. A propane heater manufactured by Appellant The Coleman Company ("Coleman") was found inside the men's tent. Appellee Flora Covas, the spouse of one of the decedents and the mother of the other, contended her relatives' deaths resulted from the heater's faulty design, i.e., the absence of a screen or filter which allowed foreign debris to restrict the flow of gas in the fuel line, thereby producing lethal levels of carbon monoxide. Covas also advanced claims of failure to warn and negligence.[1] The case proceeded to trial, where a jury found for Covas and awarded her damages. Thereafter, the district court entered a judgment exceeding $7.5 million in Covas's favor.

In this appeal, Coleman argues the district court erred (1) in determining the proper sanction to be levied against Covas as a result of Covas's expert witness's spoliation of the heater in question, (2) in refusing to instruct the jury that it was entitled to draw an "adverse inference" against Covas based on the spoliation, (3)

---

[*]Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

[1]Covas alleged a second design defect based on the lack of an oxygen depletion sensor, but that claim was resolved against her on summary judgment

in not excluding certain opinions of Covas's new expert, Dr. Hutter, on Daubert[2] grounds, (4) in refusing to grant Coleman judgment as a matter of law, and (5) in admitting evidence regarding other fatalities and injuries associated with the same model heater.

In her cross-appeal, Covas argues that the district court erred (1) in excluding all of Covas's initially-retained liability experts as a sanction for spoliation committed by one of those experts, (2) in ruling that Covas's new experts could not test the heater involved in the accident, (3) in refusing to give a "Cassisi inference"[3] instruction at trial, and (4) in misapplying the doctrine of joint and several liability when it entered final judgment, thereby awarding Covas less than her full measure of damages.

Regarding the issues raised by Coleman, we find the district court did not commit reversible error. This moots Covas's cross-appeal, save for the argument regarding damages. On that point, Coleman has conceded in its reply brief that if the judgment is otherwise affirmed, it should be increased by $47,812.08.

---

[2]Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

[3]Cassisi v. Maytag Co., 396 So. 2d 1140 (Fla. 1st DCA 1981).

Accordingly, this case is REMANDED to the district court for correction of the damages portion of the judgment. In all other respects, the judgment is AFFIRMED.